**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FORREST JAMES WOOD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MARICOPA COUNTY BOARD OF<br>SUPERVISORS, JOSEPH M.<br>ARPAIO, individually and<br>in his capacity as<br>Sheriff of Maricopa County,<br><br>　　　　Defendants. | No. CV 04-2523 PHX EHC (MEA)<br><br>**MEMORANDUM AND ORDER** |

Pending before the Court is Defendants' Motion to Dismiss [Dkt. #8].

**BACKGROUND**

Plaintiff filed a *pro se* civil rights complaint [Dkt. #1] pursuant to 42 U.S.C. § 1983 on November 10, 2004. On May 2, 2005, the Court ordered Defendant to answer Plaintiff's allegation that Defendant violated Plaintiff's Eighth Amendment rights, while Plaintiff was a pre-trial detainee in the Maricopa County Towers jail facility, by subjecting him to overcrowded living conditions. [Dkt. #4]. Plaintiff's complaint seeks monetary damages.

Defendants waived service and filed a motion to dismiss on August 1, 2005. Defendants assert that the complaint must be dismissed, pursuant to 42 U.S.C. § 1997e, because Plaintiff failed to exhaust his administrative remedies regarding the claim stated in the complaint prior to filing his section 1983 suit. Although Plaintiff was warned by the Court that his failure to respond to the motion to dismiss within thirty days could be deemed consent to the entry of judgment against Plaintiff, pursuant to Rule 7.2, United States District Court for the District of Arizona Local Rules of Civil Procedure, in an order [Dkt. #9] issued August 2, 2005, as of September 20, 2005, Plaintiff has not responded to or filed any pleading otherwise opposing Defendants' motion to dismiss.

## DISCUSSION

### A. Standard for granting motion to dismiss

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1121 (9th Cir. 2002); Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996). Additionally, pro se complaints are held to a less strict standard than those drafted by counsel. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). It is not appropriate to dismiss a pro se prisoner's civil rights action unless it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.

**B. Exhaustion**

Exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA") is governed by 42 U.S.C. § 1997e(a). This statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2003 & Supp. 2005). This language has been interpreted to require "that an inmate must exhaust [available remedies] irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741, n.6 (2001). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532 (2002).

A plaintiff must fully exhaust his administrative remedies before filing a section 1983 complaint. McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). To fully exhaust a section 1983 claim, a prisoner must pursue his grievance to the highest administrative level available to him. See Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999); Morgan v. Maricopa County, 259 F. Supp. 2d 985, 990-91 & n.13 (D. Ariz. 2003). Exhaustion is an affirmative defense; establishing exhaustion of administrative remedies under the PLRA is not a pleading requirement or a jurisdictional

1  prerequisite.  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th
2  Cir.), cert. denied, 124 S. Ct. 50 (2003); Giano v. Goord, 380
3  F.3d 670, 675 (2d Cir. 2004).  Therefore, Defendant has "the
4  burden of raising and proving the absence of exhaustion."
5  Wyatt, 315 F.3d at 1119.
6      The failure to exhaust administrative remedies under the
7  PLRA is treated as a matter in abatement and is properly
8  raised in an unenumerated Rule 12(b) motion.  Id.  "In
9  deciding a motion to dismiss for a failure to exhaust
10 nonjudicial remedies, the court may look beyond the pleadings
11 and decide disputed issues of fact."  Id. at 1119-20.  "If the
12 district court concludes that the prisoner has not exhausted
13 nonjudicial remedies, the proper remedy is dismissal of the
14 claim without prejudice."  Id. at 1120.
15     Detainees complaining about the conditions encountered at
16 a Maricopa County jail facility may pursue an administrative
17 grievance in accordance with the three-step process outlined
18 in the Maricopa County Sheriff's Office Policy and Procedure
19 manual.  The inmate first files a grievance which is heard by
20 a shift supervisor.  The inmate may appeal an adverse decision
21 by the shift supervisor by filing an Institutional Grievance
22 Appeal, which is determined by a jail commander.  The third
23 step in the process is to file an External Grievance Appeal
24 regarding any adverse decision by the jail commander. [Dkt. 8,
25 Exh. 1].
26     Defendant avers that Plaintiff has not exhausted his
27 administrative remedies and that Plaintiff admits that he did
28 not exhaust his administrative remedies.  Id. at 2.

1    Rule 7.2, United States District Court for the District
2 of Arizona Local Rules of Civil Procedure provides that a
3 party's failure to respond to a motion may, in the Court's
4 discretion, be deemed a consent to the Court's granting of
5 judgment in favor of the movant.  See Brydges v. Lewis, 18
6 F.3d 651, 652-53 (9th Cir. 1994).  When the Court has warned
7 the non-moving party that its failure to respond "shall
8 constitute a consent" to the granting of the motion, the Court
9 may properly exercise its discretion to a motion based on the
10 non-moving party's construed consent.  Id.  See also Ghazali
11 v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (holding that the
12 district court did not abuse its discretion by summarily
13 granting the defendants' motion to dismiss pursuant to a local
14 rule where the pro se plaintiff had time to respond to the
15 motion but failed to do so).

16    Defendants have asserted that Plaintiff has not exhausted
17 his administrative remedies, a prerequisite to filing his
18 suit.  Plaintiff does not contest Defendants' assertion that
19 he has failed to fulfill a prerequisite to filing his section
20 1983 complaint.  Therefore, Plaintiff has failed to plead
21 facts which establish that he has stated a claim for relief.

**Conclusion**

24    Plaintiff has failed to allege or to show that he has
25 exhausted his administrative remedies with regard to his claim
26 regarding jail overcrowding.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [Dkt. #8] is **GRANTED without prejudice** for Plaintiff's failure to exhaust his administrative remedies with regard to the claim for relief stated in his complaint.

DATED this 23rd day of September, 2005.

*/s/ Earl H. Carroll*
Earl H. Carroll
United States District Judge